Mr. Justice ThacheR
delivered the opinion of the court.
Writ of error to Wilkinson county circuit court.
This is an action of debt against Cage, executor of Frazier, who was surety for one Prosser, upon an injunction bond. The defence is payment, before action brought, by Prosser, of the judgment enjoined. The ground claimed for error was the action of the court below in refusing to allow the introduction of proof, in behalf of the defence, that Prosser had executed a deed of trust on certain property to secure the payment of three promissory notes of about $5000 each, one of which, being the second described in the deed of trust, was the foundation of the judgment enjoined; and, that after the dissolution of the injunction, the trustee in the deed sold the trust property, and applied the whole of the proceeds of the sale to the payment of the last note mentioned in the deed of trust.
The trustee in the deed of trust did not effect a sale of the trust property until all the notes secured thereby had arrived at maturity. In the case of proceeds arising from the sale of mortgaged premises, it has been decided in this state, that they should be applied ratably to the several notes secured by such an instrument. Parker v. Mercer, 6 How. 320. A similar rule would hold good respecting the proceeds of a sale under a deed of trust, where all the notes sought to be secured had become due and payable. By virtue of the statute H. & H. 615, s. 5, it is made lawful for a defendant, in cases of this kind, to plead payment of all, or part of the debt demanded, and give any account in evidence, and if it shall appear that *421 any part of the sum demanded has been paid, then so much as is found to have been paid, shall be defalcated and deducted out of the plaintiff’s demand. In this action the plaintiff filed a plea of payment, and an account of the paymeut of the whole amount demanded. Upon adducing the proper proof, he was entitled to a credit upon the bond of one-third of the amount of the proceeds of the sale of the trust property, or whatever the ratable proportion might be in point of fact.
Judgment reversed and new trial awarded.